# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ISAAC VELEZ,

        Appellant,

        v.

UNITED STATES POSTAL SERVICE,

        Agency.

DOCKET NUMBER
AT-0752-15-0707-I-1

DATE: February 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David W. Noble, Jr., Gaithersburg, Maryland, for the appellant.

Jennifer L. Janeiro, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to eliminate reliance on the appellant's signature on the settlement agreement that resolved the grievance of his suspension, we AFFIRM the initial decision.

### BACKGROUND

¶2　　The appellant, a preference-eligible employee, is a City Carrier for the U.S. Postal Service.  Initial Appeal File (IAF), Tab 4 at 31.  Effective February 21, 2015, the agency placed him in an off-duty status without pay because of an allegation of misconduct.  *Id.* at 23.  In a letter dated April 23, 2015, the agency notified the appellant that he was being removed, effective June 5, 2015.  *Id.* at 37-39.  On April 23, 2015, the National Association of Letter Carriers (union) and the agency signed an agreement resolving the grievance that had been filed on the appellant's behalf.  *Id.* at 35.  The agreement combined the appellant's placement in an off-duty status with the pending removal into one action, which was designated as a 14-day suspension, and returned him to duty on April 25, 2015, without back pay.  *Id.*  The appellant signed the agreement on April 27, 2015. *Id.*

¶3　　The appellant subsequently filed a Board appeal of his suspension from February 21 to April 25, 2015, and requested a hearing.  IAF, Tab 1 at 1-7.  He alleged that he had been suspended for more than 14 days and that his personnel

records had not reflected his veterans' preference until after the agreement was executed.  *Id.* at 6, 15.  In an order to show cause, the administrative judge informed the appellant of his burden of proving Board jurisdiction over his appeal and advised him that she intended to dismiss the appeal without a hearing unless he made a nonfrivolous allegation of jurisdiction.  IAF, Tab 5 at 2-3.  The appellant responded.  IAF, Tab 9.  Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID) at 1, 5.

¶4    The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[2]  5 C.F.R. § 1201.56(b)(2)(i)(A).  If an appellant makes a nonfrivolous allegation[3] of Board jurisdiction over an appeal, he is entitled to a hearing on the jurisdictional question.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶6    Preference-eligible employees of the U.S. Postal Service, like the appellant, are entitled to simultaneously pursue both a grievance and a Board appeal.  *Mays v. U.S. Postal Service*, 995 F.2d 1056, 1058 (Fed. Cir. 1993).  If an employee chooses to file and settle a grievance by agreeing to lesser discipline,

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

that course of action is presumptively voluntary and therefore divests the Board of jurisdiction over the underlying matter. *Swink v. U.S. Postal Service*, 111 M.S.P.R. 620, ¶ 9 (2009), *aff'd*, 372 F. App'x 90 (Fed. Cir. 2010). However, the Board will review the terms of a settlement agreement and the surrounding circumstances to determine if it retains jurisdiction over an appeal of an action that was settled in another procedural avenue. *Id.* Even if a settlement agreement does not bar a Board appeal, the appellant still must have expressly reserved the right to seek Board review for the Board to retain jurisdiction. *Id.*, ¶ 11.

¶7     The administrative judge found that the Board lacks jurisdiction over the appeal because the appellant did not reserve a right to file a Board appeal concerning his suspension and removal.[4]  ID at 4-5. In his petition for review, the appellant disputes the administrative judge's dismissal of his appeal without a hearing. PFR File, Tab 1 at 4-5; ID at 1-2. He alleges that he made the following nonfrivolous allegations of Board jurisdiction:  (1) the substantive rights addressed through the grievance procedure are different from the substantive rights available through the Board; and (2) his signature on the settlement agreement only shows that he witnessed the agreement. PFR File, Tab 1 at 5-6.

¶8     First, the administrative judge found that the substantive rights addressed through the grievance procedure are not different from the substantive rights available through the Board. ID at 4. She cited to the decision of the U.S. Court

---

[4] The appellant argues that the U.S. Supreme Court's decision in *Vaca v. Sipes*, 386 U.S. 171 (1967), stands for "the proposition that the individual employee does not control the grievance." PFR File, Tab 1 at 6. However, at issue in *Vaca* was a claim that a union had breached its duty of fair representation under the National Labor Relations Act, an issue that is not before us here. 386 U.S. 171. Rather, as relevant to our decision, the appellant has not alleged that he was unaware of the grievance regarding his off-duty status and removal, or that he made any efforts to disavow it. *See Hanna v. U.S. Postal Service*, 101 M.S.P.R. 461, ¶ 15 (2006) (observing that an appellant's knowledge that his union filed a grievance regarding the underlying action, coupled with his failure to affirmatively disavow the grievance, constitutes implicit evidence that he authorized the union to present the grievance on his behalf); IAF, Tab 1 at 6, Tab 4 at 35, Tab 9 at 5-6. Therefore, we find unpersuasive his argument concerning the union's control of the grievance process.

of Appeals for the Federal Circuit in *Mays*, 995 F.2d at 1060, which held that the grievance procedure and Board appeals in adverse action cases involving preference-eligible Postal employees address the same substantive rights. ID at 4. The appellant in this case is attempting to resolve his suspension for more than 14 days, which already was settled through the grievance procedure. IAF, Tab 4 at 35. Thus, the two avenues of appeal are able to address the same underlying cause of action and do not afford different substantive rights.[5]

¶9    Next, the administrative judge found the appellant's claim that he merely witnessed the settlement agreement "inherently improbable." ID at 4-5. The appellant argues that, in so finding, the administrative judge "impermissibly weigh[ed]" the evidence. PFR File, Tab 1 at 5; IAF, Tab 9 at 6. We agree that the administrative judge erred in making this factual finding without a hearing. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (finding that the administrative judge may not weigh evidence and resolve conflicting assertions of the parties in determining whether the appellant has made a nonfrivolous allegation of jurisdiction). However, we find this error harmless because, regardless of his alleged role or intentions at the time of signing, the appellant later ratified the agreement by his actions. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). We modify the initial decision to eliminate the

---

[5] The appellant argues that *Mays* does not apply because it involved a removal, whereas this appeal involves a "no-notice emergency suspension." PFR File, Tab 1 at 5-6. We disagree. Because the appellant's suspension ultimately exceeded 14 days, it was, like a removal, an adverse action appealable to the Board under chapter 75. 5 U.S.C. §§ 7512(1)-(2), 7513(d). His right to appeal was not eliminated merely because the agency failed to apprise him of it. *See Barnes v. U.S. Postal Service*, 103 M.S.P.R. 103, ¶ 10 (2006) (reversing a constructive suspension for failure to provide Board appeal rights). Therefore, we find that the holding in *Mays* applies to this appeal. *See Mays*, 995 F.2d at 1060.

administrative judge's finding regarding the improbability that the appellant signed the agreement as a witness. ID at 4-5.

¶10    Regardless of his role in signing the agreement, the appellant is still bound by its terms. The Board held in *Tetrault v. U.S. Postal Service*, 71 M.S.P.R. 376, 379 (1996), that a union may file a grievance on its own behalf and that an employee is not bound by the union's action in pursuing a matter through a negotiated grievance procedure when he shows, among other things, that he did not ratify the union's actions. Here, the appellant's return to duty after the grievance was settled ratified the union's actions, and therefore he was bound by the settlement agreement.[6] *See Mays*, 995 F.2d at 1059 ("By returning to work, [the appellant] ratified the settlement negotiated by his union representatives and established his assent to the unambiguous agreement by accepting the fruits of the settlement."). Therefore, we agree with the administrative judge's finding that the appellant did not make a nonfrivolous allegation of jurisdiction.

¶11    Further, the appellant argues that he was not required to reserve a right to appeal in the settlement agreement because the agency failed to notify him of such right when it placed him in an off-duty status without pay. PFR File, Tab 1 at 6-7. However, the Board has held that it is immaterial whether an appellant knew of, and intentionally did not reserve, a Board appeal right when he entered into a settlement agreement, or whether the agency failed to inform him of a Board appeal right. *Swink*, 111 M.S.P.R. 620, ¶ 11. Thus, the agency's failure to provide notice of a Board appeal right did not eliminate the appellant's burden to

---

[6] The appellant alleges that his claim that he only witnessed the agreement is the "same as the testimony credited by the Federal Circuit in *Mays*." PFR File, Tab 1 at 6. We do not agree that *Mays* supports his claim because it does not contain any reference to testimony. 995 F.2d 1056.

reserve his appeal right in the settlement agreement.  *See Swink v. Merit Systems Protection Board*, 372 F. App'x 90, 93 (Fed. Cir. 2010).[7]

¶12        For these reasons, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction without a hearing.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se

---

[7] The Board has held that it may rely on unpublished Federal Circuit decisions if it finds the court's reasoning persuasive.  *E.g.*, *Herring v. Department of the Navy*, 90 M.S.P.R. 165, ¶ 13 n.* (2001).

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:    _____
            William D. Spencer
            Clerk of the Board

Washington, D.C.